# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK S. FRAZIER,** *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| **THE STATE OF PENNSYLVANIA, THE CITY OF PHILA,** *Defendants* | : | NO. 17-4597 |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**　　　　　　　　　　　　　　　　　　**OCTOBER 20, 2017**

Plaintiff Mark S. Frazier ("Mr. Frazier") filed a motion to proceed *in forma pauperis* and a complaint against the City of Philadelphia and the Commonwealth of Pennsylvania based on an alleged copyright violations and an unlawful arrest. [ECF 1]. For the reasons stated herein, this Court will grant Mr. Frazier leave to proceed *in forma pauperis*, dismiss his complaint, and grant him leave to amend the complaint.

### I.　FACTS

In his complaint, Mr. Frazier alleges that in 2016, Defendants "on at least (3) known occasions interfered with [his] interest in and ownership of copyrighted materials." (Compl. at 3.) He also contends that "[t]he city used police to cite and arrest [him], wrongfully separating him from his wares." (*Id.*)[1]

---

[1] Three days after Mr. Frazier filed the instant complaint, he filed a motion to proceed *in forma pauperis* and a complaint in Action No. 17-4608. In that complaint, Mr. Frazier vaguely alleges that he was wrongfully arrested on one occasion in April of 2016.

1

## II. STANDARD OF REVIEW

This Court grants Mr. Frazier's motion to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This statute requires a court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Thus, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Mr. Frazier is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

As noted above, Mr. Frazier's complaint raises claims of alleged copyright infringement and wrongful arrest. In order to state a claim of copyright infringement, Mr. Frazier must allege ownership of a valid copyright and that Defendants conducted unauthorized copying of protectable elements of the copyrighted work. *Tanikumi v. Walt Disney Co.*, 616 F. App'x 515, 519 (3d Cir. 2015); *see also Tanksley v. Daniels*, --- F. Supp. 3d ----, No. 16-0081, 2017 WL 1735257, at *4 (E.D. Pa. Apr. 28, 2017). Here, the complaint, however, fails to set forth facts regarding what materials Mr. Frazier has allegedly copyrighted and how Defendants violated that copyright. Thus, as pled, Mr. Frazier's complaint fails to state a copyright infringement claim. Moreover, Mr. Frazier has raised a wrongful arrest claim in Civil Action No. 17-4597. Because this Court is permitting Mr. Frazier to file an amended complaint regarding his wrongful arrest

2

claim in that matter, the wrongful arrest claim raised in the instant complaint will be dismissed, without prejudice, to Mr. Frazier pursuing that claim in Action No. 17-4597.

Mr. Frazier is also granted leave to file an amended complaint in this matter within thirty (30) days of the date of this Memorandum and Order in the event that he can state a plausible copyright infringement claim. Any amended complaint shall be a complete document that identifies all of the defendants in the caption of the amended complaint in addition to the body of the amended complaint, and describe how each defendant was responsible for infringing upon his copyrighted materials. The amended complaint should also sufficiently describe the materials that Mr. Frazier has allegedly copyrighted. The amended complaint should not address Mr. Frazier's wrongful arrest claim, as he is pursuing that claim in Action No. 17-4597. Mr. Frazier is advised that if he fails to file an amended complaint, his case may be dismissed for failure to prosecute without further notice.

### IV. CONCLUSION

For the foregoing reasons, Mr. Frazier's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. This dismissal is without prejudice to Mr. Frazier's right to file an amended complaint within thirty (30) days in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.