IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK S. FRAZIER** *Plaintiff* | : | **CIVIL ACTION** |
| v. | : | |
| **THE STATE OF PENN,** **THE CITY OF PHILA.** *Defendants* | : | **NO. 17-4597** |
| **U.S. MARK S. FRAZIER** *Plaintiff* | : | **CIVIL ACTION** |
| v. | : | |
| **CITY OF PHILADELPHIA** **THE COMMONWEALTH OF PA** *Defendants* | : | **NO. 17-5361** |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                              **DECEMBER 5, 2017**

Plaintiff Mark S. Frazier ("Plaintiff" or "Frazier") recently filed two complaints in this Court against the City of Philadelphia and the Commonwealth of Pennsylvania, (collectively, "Defendants") which were based on alleged copyright violations and an allegedly unlawful arrest. These complaints were dismissed with leave to file an amended complaint. Thereafter, Plaintiff filed two complaints, both of which are currently before this Court. For the following reasons, Mr. Frazier's complaints are dismissed with an additional opportunity or leave to amend.

## I. FACTS[1]

Approximately two months ago, Plaintiff initiated two civil actions in this court. The first, docketed as *Frazier v. City of Philadelphia*, E.D. Pa. Civ. A. No. 17-4597, raised copyright claims based on Mr. Frazier's allegations that in 2016, Defendants "on at least (3) known occasions interfered with [his] interest in and ownership of copyrighted materials." (Compl. at 3.) He also contended that "[t]he city used police to cite and arrest [him], wrongfully separating him from his wares." (*Id.*)

Three days after Mr. Frazier filed Civil Action Number 17-4597, he filed a second complaint, docketed as *Frazier v. City of Philadelphia*, E.D. Pa. Civ. A. No. 17-4608. In that complaint, Mr. Frazier alleged that in 2012, he was "wrongfully evicted from premises which he returned to 3 years ago after giving notice and with others present (2014)." (Compl. at 3.) He also contended that in April of 2016, he was arrested "on the premises while he was returning w/o probable cause." (*Id.*) Mr. Frazier states that he was taken to the Curran-Fromhold Correctional Facility, where he was incarcerated for four (4) days. (*Id.*) Mr. Frazier sought to proceed *in forma pauperis* in both cases.

This Court granted Mr. Frazier leave to proceed *in forma pauperis* and dismissed his complaints for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to amend. This Court concluded that Mr. Frazier failed to state a claim in Civil Action Number 17-4597, because he "fail[ed] to set forth facts regarding what materials [he] has allegedly copyrighted and how the defendants violated that copyright." (Civ. A. No. 17-4597, Oct. 20, 2017 Mem., ECF No. 2, at 2.) Mr. Frazier did not state a claim in Civil Action Number 17-4608 because the Commonwealth of Pennsylvania is not subject to suit under 42 U.S.C. § 1983, and

---

[1] The following facts are taken from Mr. Frazier's Complaints and public dockets for cases he filed in this Court.

Mr. Frazier had not alleged that a municipal policy or custom led to the violations of his rights so as to state a claim against the City of Philadelphia based on his allegedly wrongful arrests. *See Frazier v. City of Phila*, No. CV 17-4608, 2017 WL 4764617, at *1 (E.D. Pa. Oct. 20, 2017).

The Clerk of Court was instructed to send Mr. Frazier blank form complaints bearing the civil action number for each case so that Mr. Frazier could file amended complaints. It appears that Mr. Frazier completed the forms but crossed out those numbers, so that his amended complaints were instead docketed as new civil actions, *See Frazier v. City of Philadelphia*, E.D. Pa. Civ. A. No. 17-5352 and *Frazier v. City of Philadelphia*, E.D. Pa. Civ. A. No. 17-5361. The Court closed Civil Action Number 17-5352 and directed the Clerk of Court to docket the complaint in that case as Plaintiff's amended complaint in Civil Action Number 17-4597. Civil Action Number 17-5361 remains pending.

The Amended Complaint in Civil Action Number 17-4597 raises claims against the City of Philadelphia and the Commonwealth of Pennsylvania pursuant to the Copyright Act, the constitution generally, and the Uniform Commercial Code. Mr. Frazier alleges that in 2011, 2013, and 2016, he was separated from his copyrighted "wares" when his laptop computer was impounded, apparently by the police in connection with his arrest. He does not fully describe the works in question, but alleges that "'Anti-Recessionary-do-it-yourself-in-minutes portable fireplace generation technique and operations manual' alone is worth much more than what is being demanded." (Am. Compl., ECF No. 5, at 4.)

The Complaint in Civil Action Number 17-5361 raises claims against the City of Philadelphia and the Commonwealth of Pennsylvania, apparently pursuant to 42 U.S.C. § 1983, based on arrests and seizures from 2011 through 2017. Mr. Frazier alleges that he is a product designer for a company he founded and that "Defendants in 2012 via color of law sought to

obtain plaintiff's IP." (Compl. ECF No. 1-1, at 3.) He further alleges that "[a]fter doing this and seeing what plaintiff's titles consisted of, then plaintiff's storage unit showed signs of tampering." (*Id.*)

Mr. Frazier seeks an injunction prohibiting future violations of his rights, an investigation, and millions of dollars in damages.

## II. STANDARD OF REVIEW

This Court grants Mr. Frazier leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Mr. Frazier is proceeding *pro se*, this Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Neither of Mr. Frazier's complaints states a plausible claim for relief. As previously explained to Mr. Frazier, in order to state a claim of copyright infringement, he must allege ownership of a valid copyright, and that Defendants conducted unauthorized copying of protectable elements of the copyrighted work. *Tanikumi v. Walt Disney Co.*, 616 F. App'x 515, 519 (3d Cir. 2015); *see also* (Civ. A. No. 17-4597, Oct. 20, 2017 Mem., ECF No. 2, at 2.).

Although Mr. Frazier suggests his intention to raise a copyright claim, he has not described the copyrighted works in question other than providing the title of one item. More importantly, he does not actually appear to be claiming that Defendants copied protected elements of his copyrighted works. Rather, it appears from his complaints that he is claiming that police improperly seized his copyrighted works. Accordingly, Mr. Frazier has not set forth any basis for a copyright claim here.[2]

Mr. Frazier also has not pled a plausible constitutional claim against Defendants based on his arrests, imprisonment, or the seizure of his laptop. In order to state a claim under 42 U.S.C. § 1983, Mr. Frazier must allege that "the wrongdoers . . . violate[d] [his] federal rights . . ., and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). As previously explained to Mr. Frazier, he cannot state a § 1983 claim against the Commonwealth of Pennsylvania because the Commonwealth is not subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); *see also Frazier v. City of Phila*, No. CV 17-4608, 2017 WL 4764617, at *1 (E.D. Pa. Oct. 20, 2017). This Court also explained to Mr. Frazier that to state a claim against the City of Philadelphia, he must allege a policy or custom that caused the violation of his constitutional rights, yet he has not alleged any municipal policy or custom in his complaints. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipal liability under § 1983 must be predicated upon a municipal policy or custom); *see also Frazier v. City of Phila*, No. CV 17-4608, 2017 WL 4764617, at *1 (E.D. Pa. Oct. 20, 2017). Accordingly, Mr. Frazier has not stated a claim against the City of Philadelphia.

---

[2] Nor is there any basis for a claim under the Uniform Commercial Code, which governs commercial transactions.

Although the Court understands Mr. Frazier to be challenging arrests, related imprisonment, and the seizure of his property, he provides almost no detail about the events giving rise to his claims. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. To state a claim for false imprisonment, a plaintiff must establish that he was unlawfully detained, which, in the context of an arrest, generally depends on whether the detention was supported by probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). Likewise, to state a claim challenging police seizure of property, a plaintiff must establish that probable cause was lacking. *See Cass v. Thomson*, No. CV 15-6476 (JBS-JS), 2015 WL 7069652, at *2 (D.N.J. Nov. 13, 2015). Here, Mr. Frazier provides no information about the circumstances of his arrest, what he was arrested for, or why probably cause was allegedly lacking. He therefore has not stated a claim for violation of his Fourth Amendment (or any other) rights.

For the above reasons, Mr. Frazier has not stated a claim in either of his complaints. The Court will give him one more opportunity to amend the complaints in the event he can state a claim. However, for case management purposes, Mr. Frazier shall file his amended complaint in Civil Action Number 17-4597, as all of his cases currently appear to be based on the same set of events.

## IV. CONCLUSION

For the foregoing reasons, Mr. Frazier's complaints are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. This dismissal is without prejudice to Mr. Frazier's right to file an amended complaint within thirty (30) days in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Any amended complaint shall be filed in Civil Action Number 17-4597 only. An appropriate order follows, which shall be docketed separately.

*Nitza I. Quinones Alejandro*
*Judge, United States District Court*