IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK S. FRAZIER,<br>*Plaintiff,* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF PHILADELPHIA, *et al.*,<br>*Defendants.* | : | NO. 17-4597 |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.                                                JANUARY 18, 2018

Currently before the Court is Plaintiff Mark S. Frazier's Second Amended Complaint in which he primarily asserts claims of copyright infringement, as well as constitutional claims based on a series of arrests. For the following reasons, the Second Amended Complaint is DISMISSED, with prejudice.

### I.    FACTS AND PROCEDURAL HISTORY[1]

In October of 2017, Mr. Frazier initiated two civil actions in this Court. The first, docketed as *Frazier v. City of Philadelphia*, E.D. Pa. Civ. A. No. 17-4597, raised copyright claims against Defendants City of Philadelphia and the Commonwealth of Pennsylvania (collectively, "Defendants") based on Mr. Frazier's allegations that in 2016, Defendants "on at least (3) known occasions interfered with [his] interest in and ownership of copyrighted materials." (Compl. at 3.) He also contended that "[t]he city used police to cite and arrest [him], wrongfully separating him from his wares." (*Id.*)

Three days after Mr. Frazier filed Civil Action Number 17-4597, he filed a second complaint against the same Defendants, docketed as *Frazier v. City of Philadelphia*, E.D. Pa.

---

[1] The following facts are taken from Mr. Frazier's Second Amended Complaint and public dockets for cases he filed in this Court.

1

Civ. A. No. 17-4608. In that complaint, Mr. Frazier alleged that in 2012, he was "wrongfully evicted from premises which he returned to 3 years ago after giving notice and with others present (2014)." (Compl. at 3.) He also contended that in April of 2016, he was arrested "on the premises while he was returning w/o probable cause." (*Id.*) Mr. Frazier stated that he was taken to the Curran-Fromhold Correctional Facility, and incarcerated for four (4) days. (*Id.*) Mr. Frazier sought to proceed *in forma pauperis* in both cases.

This Court granted Mr. Frazier leave to proceed *in forma pauperis* and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) dismissed his complaints for failure to state a claim, with leave to amend. This Court concluded that Mr. Frazier failed to state a claim in Civil Action Number 17-4597, because he "fail[ed] to set forth facts regarding what materials [he] has allegedly copyrighted and how the defendants violated that copyright." (Civ. A. No. 17-4597, Oct. 20, 2017 Mem., ECF No. 2, at 2.) Mr. Frazier did not state a claim in Civil Action Number 17-4608 because the Commonwealth of Pennsylvania is not subject to suit under 42 U.S.C. § 1983, and Mr. Frazier had not alleged that a municipal policy or custom led to the violations of his rights so as to state a claim against the City of Philadelphia based on his allegedly wrongful arrests. *See Frazier v. City of Phila*, No. CV 17-4608, 2017 WL 4764617, at *1 (E.D. Pa. Oct. 20, 2017).

The Clerk of Court was instructed to send Mr. Frazier blank form complaints bearing the civil action number for each case so that Mr. Frazier could file amended complaints. Mr. Frazier completed the forms but crossed out those numbers so his amended complaints were instead docketed as new civil actions, *See Frazier v. City of Philadelphia*, E.D. Pa. Civ. A. No. 17-5352 and *Frazier v. City of Philadelphia*, E.D. Pa. Civ. A. No. 17-5361. This Court closed Civil Action Number 17-5352 and directed the Clerk of Court to docket the complaint in that case as Mr. Frazier's Amended Complaint in Civil Action Number 17-4597.

The Amended Complaint in Civil Action Number 17-4597 purports to raise claims against Defendants City of Philadelphia and the Commonwealth of Pennsylvania pursuant to the Copyright Act, the Constitution generally, and the Uniform Commercial Code. Mr. Frazier alleged that in 2011, 2013, and 2016, he was separated from his copyrighted "wares" when his laptop computer was impounded, apparently by the police in connection with his arrest. He did not fully describe the works in question but, instead, alleged that "'Anti-Recessionary-do-it-yourself-in-minutes portable fireplace generation technique and operations manual' alone is worth much more than what is being demanded." (Am. Compl., ECF No. 5, at 4.)

The Complaint in Civil Action Number 17-5361 purports to raise claims against Defendants City of Philadelphia and the Commonwealth of Pennsylvania, apparently pursuant to 42 U.S.C. § 1983, based on arrests and seizures from 2011 through 2017. Mr. Frazier alleged that he is a product designer for a company he founded and that "Defendants in 2012 via color of law sought to obtain plaintiff's IP." (Compl. ECF No. 1-1, at 3.) He further alleged that "[a]fter doing this and seeing what plaintiff's titles consisted of, then plaintiff's storage unit showed signs of tampering." (*Id.*)

By Order and accompanying Memorandum dated December 5, 2017, this Court dismissed Mr. Frazier's Complaint in Civil Action Number 17-5361 and his Amended Complaint in Civil Action Number 17-4597 for various reasons. First, the Court informed Mr. Frazier that he had again failed to state a copyright infringement claim because he had not described any copyrighted works or alleged that the Defendants copied protected elements of those works. Second, the Court explained that the Commonwealth of Pennsylvania was not subject to liability under § 1983, and that the City could only be liable under § 1983 based on a municipal policy or custom, which Mr. Frazier had not pled. Third, the Court observed that Mr.

3

Frazier had not stated a Fourth Amendment claim based on his arrests, imprisonment, or the seizure of his property because he had not alleged sufficient facts establishing a constitutional violation. Mr. Frazier was again given leave to file a second amended complaint addressing all of his claims in Civil Action Number 17-4597.

In his Second Amended Complaint, titled "Complaint: For Infringement of Copyright, Unfair Competition and Unfair Trade Practices," Mr. Frazier names as party defendants Officer De Carlo, the 9th District Police Station, the Community College of Philadelphia, All City Self Storage, the City of Philadelphia, the Commonwealth of Pennsylvania, and one-hundred (100) John Doe defendants. Mr. Frazier alleges that he is the owner of copyrights on "several original works of authorship in: business, marketing, graphics, software, heating, lighting, motivational lyrics and animation videos." (Sec. Am. Compl., ECF No. 12, at 2, ¶ 2.) He claims that "[i]n 2011, 2013, 2015 and 2016 defendant infringed said copyrights by taking without necessity or probable cause plaintiff's titles and work products into their possession." (*Id.* at 3, ¶ 7.)

In that regard, Mr. Frazier contends that:

> [a]fter 7/24/11 and . . . continuously since, defendant(s) have converted plaintiff [sic] intellectual property titles and plaintiff believes also that some of the proceeds were used to harm him by: Deliberate trespassing, informants in pursuit of plaintiff, damaging of plaintiff [sic] equipment, obstruction of both justice and emergency services, mail fraud, cutting down trees, stealing plaintiff [sic] identification cards, not investigating after flash drive containing copyrighted material inadvertently left in library computer due to a superseding cause, the defendant(s) took plaintiff's laptop and held it for 3.5 months.

(*Id.* at 3 ¶ 10.)

The Second Amended Complaint more specifically elaborates on those allegations by specifying the basis for Mr. Frazier's claims against each Defendant. For example, Mr. Frazier's claims against Officer De Carlo are based on allegations that Officer De Carlo arrested him in 2011. His claims against the Ninth District Police Department are based on allegations that

officers of that department "hated on [him] by not enforcing the no trespassing policy but allowing and even encouraging trespass, criminal trespass, theft of items, illegal searching by non-police personnel, the throwing of rocks into the area and subjecting plaintiff to other dangerous conditions . . . ." (*Id.* at 4.) As a result, Mr. Frazier alleges that third-parties identified as trespassers were able to steal his wallet, which contained his identification and flash drives containing his intellectual property. Mr. Frazier's claims against the Community College of Philadelphia are based on the fact that, on two occasions in 2011, he inadvertently left a flash drive containing "copyrighted wares" in a computer at the College, but a guard "did not investigate it." (*Id.* at 5.)

Mr. Frazier's claims against All City Self Storage are based on allegations that an employee of that entity "appeared to have been bribed to acquire plaintiff [sic] titles" because someone allegedly tampered with Mr. Frazier's storage unit. (*Id.*) Mr. Frazier's claims against the Commonwealth, also identified as the Criminal Justice Center, are based on his allegations that a guard saw him in line (presumably at the Criminal Justice Center in Philadelphia) and asked if he missed a court date. When Mr. Frazier investigated the situation following the guard's inquiry, "a warrant resulted"; Mr. Frazier "believe[s] that this was done intentionally." (*Id.*) Mr. Frazier's claims against the City of Philadelphia are based on his allegation that the City was "put on notice via agents that plaintiff was a product designer and owned several wares in copyright registrations but they ignored it and these violations are the result." (*Id.* at 6.) Mr. Frazier alleges that John Doe number 1 took his flash drive in 2011, and that a Defendant identified as "John Doe (2500)" received copies of his copyrighted work "since 2011." (*Id.*)

## II. STANDARD OF REVIEW

As Mr. Frazier is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This provision requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Thus, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Mr. Frazier is proceeding *pro se*, this Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

This Court is also obligated to dismiss the Second Amended Complaint if it is malicious. "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

## III. DISCUSSION

Mr. Frazier has again failed to state a claim. To the extent Mr. Frazier is raising copyright infringement claims, he must allege ownership of a valid copyright and that the Defendants conducted unauthorized copying of protectable elements of the copyrighted work. *Tanikumi v. Walt Disney Co.*, 616 F. App'x 515, 519 (3d Cir. 2015); *see also* (Civ. A. No. 17-

4597, Oct. 20, 2017 Mem., ECF No. 2, at 2.). As with Mr. Frazier's prior pleadings, the Second Amended Complaint does not allege that any Defendants copied protectable elements of Mr. Frazier's copyrighted works. To the contrary, Mr. Frazier appears to contend either that police officers seized certain of his unidentified works on various occasions or that third parties stole his unidentified works on various occasions. Those allegations do not support a plausible copyright infringement claim.[2]

Mr. Frazier also has not pled a plausible constitutional claim under 42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, Mr. Frazier must allege that "the wrongdoers . . . violate[d] [his] federal rights . . ., and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). This Court has already explained to Mr. Frazier that the Commonwealth of Pennsylvania is not subject to suit under § 1983.[3] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); *see also Frazier v. City of Phila*, No. CV 17-4608, 2017 WL 4764617, at *1 (E.D. Pa. Oct. 20, 2017). Furthermore, nothing in the Second Amended Complaint provides a plausible basis for concluding that All City Self Storage or any of the John Doe defendants could be considered state actors subject to liability under § 1983.

To the extent Mr. Frazier is claiming that police and other municipal actors violated his rights by preventing third parties from stealing his property or by failing to investigate crimes committed against him, these claims fail. Government officials generally do not violate the

---

[2] Nor is there any basis for a claim under laws prohibiting unfair competition.

[3] In any event, Mr. Frazier has not alleged any plausible constitutional violation based on the fact that a warrant issued—presumably for his arrest—following an inquiry by a guard at the Criminal Justice Center as to whether Mr. Frazier missed a court date.

Constitution by failing to protect citizens from harm caused by third parties. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) ("As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."). Nor can Mr. Frazier state a claim based on allegations that government officials failed to investigate the alleged theft of his property or any other crimes committed against him. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

Mr. Frazier also has not stated a claim based on his arrests or the seizure of his property. To state a claim for false arrest under the Fourth Amendment of the United States Constitution, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Likewise, to state a claim challenging police seizure of property, a plaintiff must establish that probable cause was lacking. *See Cass v. Thomson*, No. CV 15-6476 (JBS-JS), 2015 WL 7069652, at *2 (D.N.J. Nov. 13, 2015). ction is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

Mr. Frazier has again failed to provide sufficient information about the circumstances of his arrests or why probable cause was lacking for his arrests or the seizure of his property. It is

not clear when Mr. Frazier was arrested, which arrests he is challenging, what Mr. Frazier was arrested for, or why he is challenging those arrests. He therefore has not stated a claim for violation of his Fourth Amendment (or any other) rights.

Furthermore, many of Mr. Frazier's claims are time-barred. In Pennsylvania, § 1983 claims are governed by a two-year statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also* 42 Pa. Cons. Stat. § 5524. The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] a Mr. Frazier appears to be challenging the seizure of his laptop for three and a half months in 2011. Since he knew or should have known of the events giving rise to those claims in 2011 when the laptop was allegedly seized, and did not file this lawsuit until October 13, 2017, the statute of limitations on those claims has long since expired. Likewise, any claims based on his arrests that occurred prior to October 13, 2015 are time-barred.

Finally, it appears that Mr. Frazier has already asserted the vast majority of his claims in lawsuits he previously filed in this district. A review of the Court's dockets reveals that Mr. Frazier has filed and litigated several lawsuits on his own behalf and on behalf of his company based on many of the same events noted and at issue in his Second Amended Complaint. *See Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 15-6878; *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 15-2710; *Frazier v. Commonwealth of Pa.*, E.D. Pa. Civ. A. No. 15-936; *Frazier v. Commonwealth of Pa.*, E.D. Pa. 14-756; *Int'l Typesetting & Design Servs. Corp. ("ITDSC")*, E.D. Pa. 12-4920; *ITDSC v. 9th District*, E.D. Pa. Civ. A. No. 12-4798. Accordingly, the Court will dismiss any repetitive claims as abusive of the judicial process.

## IV.  CONCLUSION

For the foregoing reasons, the Second Amended Complaint is dismissed. Based upon the procedural history narrated, this Court concludes that further attempts at amending the complaint would be futile as Mr. Frazier has already received several opportunities to pursue his claims in this and other lawsuits. An appropriate order follows, which shall be docketed separately.

*Honorable Nitza I. Quiñones Alejandro*